### THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1546 HEALTH & WELFARE FUND, | ) ) ) | 08CV3941 |
| Plaintiff, | ) ) | JUDGE LEFKOW |
| v. | ) ) | MAGISTRATE JUDGE VALDEZ EDA |
| THE RODITYS, INC., an Illinois Corp., | ) ) | |
| Defendant. | ) | Defendant demands trial by jury |

### ANSWER TO COMPLAINT

Defendant, THE RODITYS, INC., an Illinois corporation (hereinafter "Roditys"), by its attorneys, REGAS, FREZADOS & DALLAS LLP, submits and files its answer to UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1546 HEALTH & WELFARE FUND'S (hereinafter "United Food") third-party complaint.  Roditys sets forth and states the following:

1.       This action is brought under the provisions of Sections 502(g)(2), (a)(3), of the Employee Retirement Income Security Act of 1974 ("ER1SA"), 29 U.S.C., Secs. 1132(g)(2), (a)(3), and 1145.

**ANSWER:**     **Roditys admits the allegations in paragraph 1.**

2.       Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA [29 U.S.C. Sec. 1132(e)(1) and (e)(2)], which states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

**ANSWER:**     **Roditys admits the allegations contained in paragraph 2.**

3.    The UFCW LOCAL 1546 HEALTH & WELFARE FUND ("Fund") has been established pursuant to collective bargaining agreements heretofore entered into between the UFCW Local 1546 ("Union") and Defendant, and the Fund is maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Fund is administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

**ANSWER**:    **Roditys states that it possess insufficient knowledge or information to form a belief as to the truth of the allegation contained in paragraph 3; therefore, those allegations are denied.**

4.    The Fund office is located at 1649 West Adams Street, Chicago, Illinois 60612, and the Fund is administered in the Northern District of Illinois.

**ANSWER**:    **Roditys admits the allegations of paragraph 4.**

5.    As provided in the Trust Agreement, Plaintiff is required to receive, hold and manage all monies required to be contributed to the Fund in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

**ANSWER**:    **Roditys states that it possesses insufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5; therefore, the allegations are denied.**

6.    Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 222 South Halsted, Chicago, IL 60661.

**ANSWER**:    **Roditys admits the allegations of paragraph 6.**

7.      Defendant employs or has employed several persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Fund.

**ANSWER:    Roditys admits that it has employed persons who were members of the United Food and Commercial Workers Local 1546.  Further answering, the remaining allegations of paragraph 7 set forth legal conclusions to which no answers are necessary or required.   To the extent that answers are required, Roditys denies the remaining allegations contained in paragraph 7.**

8.      Plaintiff is advised and believes that Defendant has repeatedly failed to submit accurate contribution reports and the required payments thereon to the Fund pursuant to the terms of the Collective Bargaining Agreement by which it was bound, all in violation of its contractual obligations and its obligations under applicable federal statutes.

**ANSWER:    Roditys denies the allegations of paragraph 8.**

9.      As a result of the above-described omissions and breaches of agreement by Defendant, Plaintiff may be required to (a) deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendant the benefits provided under the benefit plan, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Fund and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

**ANSWER:**    **Roditys states that the allegations in paragraph 9 set forth conclusions to which no answers are necessary or required.  To the extent that answers are required, Roditys denies the allegations contained in paragraph 9.**

10.    Plaintiff, in its behalf, and on behalf of all employees for whose benefit the Fund was established, has requested Defendant to perform its obligations, but defendant has refused and failed to perform as herein alleged.

**ANSWER:**    **Roditys states that United Food has made certain monetary demands on Roditys.  Other than as specifically admitted herein, Roditys denies the allegations of paragraph 10.**

11.    Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

**ANSWER:**    **Roditys denies the allegations of paragraph 11.**

12.    Defendant is delinquent to the Funds for the period July 1, 2005, through December 31, 2006, in the amount of $252,177.00.

**ANSWER:**    **Roditys denies the allegations of paragraph 12.**

13.    Defendant's failure to pay is a violation of the Collective Bargaining Agreement and the Trust Agreement. Plaintiff, therefore, seeks enforcement of these provisions pursuant to Section 502(g)(2), (a)(3) and 515 of the Employee Income Security Act of 1974 ("ERISA"), 29 U.S.C., Sec. l132(g)(2), (a)(3), and 1145.

**ANSWER:**    **Roditys denies that it has breached the terms of the Collective Bargaining Agreement.  The remaining allegations of paragraph 13 set forth legal**

**conclusions to which no answers are necessary or required. To the extent that answers are required, Roditys denies those allegations.**

14. Defendant demands a trial by jury.

WHEREFORE, the Defendant, THE RODITYS, INC., an Illinois corporation, requests the entry of an order which awards judgment in favor of THE RODITYS, INC. and denies UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1546 HEALTH & WELFARE FUND the relief requested and for such other further relief as the Court deems equitable and just.

THE RODITYS, INC.

By: _____
      Peter G. Frezados
      One of the Attorneys for Defendant


Peter G. Frezados, Esq.; ARDC #0878030
REGAS, FREZADOS & DALLAS LLP
Attorneys for Defendant
111 W. Washington St., Suite 1525
Chicago, IL 60602
TEL: 312-236-4400
FAX: 312-236-1129